**MING LI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General [1], Respondent.**

No. 07–4289–ag.

United States Court of Appeals, Second Circuit.

Aug. 19, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter Keisler as the respondent in this case.

G. Victoria Calle, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, P. Michael Truman, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. ROSEMARY S. POOLER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ming Li, a native and citizen of China, seeks review of the September 5, 2007 order of the BIA affirming the October 18, 2005 decision of Immigration Judge ("IJ") Theresa Simmons denying Li's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ming Li*, No. A96 401 227 (B.I.A. Sept. 5, 2007), *aff'g* No. A96 401 227 (Immig. Ct. N.Y. City Oct. 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision, minus those arguments for denying relief that were rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). However, where the BIA adopts and supplements the IJ's decision we review the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). Here, the BIA did not affirm the IJ's finding that Li was not credible, but otherwise adopted

and affirmed her decision in all respects. Thus, we review the IJ's decision as supplemented by the BIA, minus the IJ's adverse credibility finding. *See Xue Hong Yang*, 426 F.3d at 522; *Yan Chen*, 417 F.3d at 271.

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law and the application of law to fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

Li does not appear to challenge the agency's denial of withholding of removal pursuant to 8 U.S.C. § 1231(b)(3) in his counseled brief to this court.[2] Therefore, we deem any such argument waived, *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005), and proceed to review only his challenge to the denial of his application for relief under the CAT.

Li's claim that he will be tortured by the Chinese government as a result of his alleged illegal departure is largely governed by *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005), and *Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 143–44 (2d Cir.2003). In these two cases, we concluded that evidence that some individuals who left China illegally are imprisoned and that human rights violations (including torture) occur in Chinese prisons is insufficient to establish a clear probability

---

**2.** Indeed, we are perplexed why both the IJ and BIA purported to adjudicate a withholding of removal claim under INA § 241 (codified at 8 U.S.C. § 1231(b)(3)) where the record reflects Li's intent to proceed only on his CAT claim.

of torture for a particular illegal emigrant. In *Mu–Xing Wang,* we made clear that the relevant inquiry is whether someone in the petitioner's "particular alleged circumstances" is more likely than not to be tortured. 320 F.3d at 143–44.

While Li alleges that particularized evidence of torture is "not readily and reasonably available to him," he does not provide any explanation for why this is the case other than the unsupported statement that "[t]hose who are deported back to China and punished may not have access to media or afforded an outlet to document or report abuse." Furthermore, Li's argument-to wit: that his testimony, "combined with the systematic abuse of detainees in China and lack of human rights," establishes a likelihood of torture-is not the type of particularized evidence required to demonstrate that someone in his circumstances would more likely than not face torture in China. *See Mu Xiang Lin,* 432 F.3d at 160. Accordingly, the agency's denial of CAT relief was not improper.

For the foregoing reasons, the petition for review is DENIED.